**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

| | | |
|---|---|---|
| DOROTHY CHARBONNEAU, individually and as personal representative of the estate of ROBERT CHARBONNEAU, deceased, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. N15C-01-045 ASB |
| v. | ) ) | |
| FAIRBANKS COMPANY, et al., | ) ) | |
| Defendants. | ) | |

July 12, 2017

*Upon Defendant Fairbanks Company's*
*Motion for Summary Judgment*.  **GRANTED**.

Plaintiff Dorothy Charbonneau (hereinafter "Plaintiff") cannot satisfy the summary judgment criteria.[1]

Plaintiff alleges that her husband, Robert Charbonneau, was exposed to asbestos from Defendant Fairbanks Company's ("Fairbanks" or "Defendant") products while working as a maintenance man and welder for several employers in Massachusetts.  Plaintiff is the only product identification witness in this action.

---

[1] Super. Ct. Civ. R. 56; *Smith v. Advanced Auto Parts, Inc.*, 2013 WL 6920864, at *3 (Del. Super. Dec. 30, 2013); *see Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979); *Nutt v. A.C. & S., Inc.*, 517 A.2d 690, 692 (Del. Super. Ct. 1986); *In re Asbestos Litigation (Helm)*, 2012 WL 3264925 (Del. Aug. 13, 2012).

During his deposition he recalled Defendant's brand of valves as a product he worked with at both Greeting Cards and Gordon Chemical. He worked with both globe valves and gate valves. At the Oxford Housing Authority he testified that he worked with gate valves, globe valves, and a zone valve with a ball valve in both ends. He described the valves as brass in color, and stated that these brass colored valves were present at all the sites he worked at. He stated that while at Gordon Chemical he installed new Fairbanks valves and removed Fairbanks valves. He testified that he replaced the packing and external insulation on the valves and broken valve handles. He testified that the packing was located at the stem of the valve. To access the packing Mr. Charbonneau had to unscrew the packing nut on the shaft, and sometimes use a packing remover tool or a pair of pliers to get the packing out. When asked where the external packing came from, Mr. Charbonneau stated that the packing came from the supply house. As for the external insulation, Mr. Charbonneau described the insulation as white, and the insulation was located on the valve itself. Mr. Charbonneau removed the insulation in order to remove the valve itself. He stated that the maintenance crew supplied the insulation. The new insulation came in powder form and needed to be mixed. Mr. Charbonneau applied this mix with his hands. When asked if he believed the packing he removed and installed contained asbestos, he stated that he assumed it did because of the high heat that was going through the pipes.

Defendant argues that the record lacks evidence that the valve packing contained asbestos, and that Defendant manufactured the asbestos packing. Plaintiff argues that Defendant required asbestos for use with its valve products, and Plaintiff provided six different catalogues for the proposition that Defendant "specifically and regularly called for the use of asbestos gaskets and packing" with its products. Plaintiff argues that Mr. Charbonneau testified from personal knowledge about removing asbestos on piping, and that Mr. Charbonneau replaced Fairbanks valves with other Fairbanks valves. He also testified that the Fairbanks valves were externally insulated. Under Massachusetts law:

> To prove causation in an asbestos case, the plaintiff must establish (1) that the defendant's product contained asbestos (product identification), (2) that the victim was exposed to the asbestos in the defendant's product (exposure), and (3) that such exposure was a substantial contributing factor in causing harm to the victim (substantial factor).[2]

Defendant argues that Plaintiff's claims are barred because Defendant had no duty to warn of asbestos parts from another manufacturer. Plaintiff presented evidence that Mr. Charbonneau installed and removed Fairbanks valves, and that some of Fairbanks valves were sold with asbestos component parts. Plaintiff supplied answers to interrogatories stating that some Fairbanks valves contained asbestos gaskets and packing between the 1930s and 1980s. Defendant argues that under

---

[2] *Morin v. AutoZone Ne., Inc.*, 943 N.E.2d 495, 499 (Mass. App. Ct. 2011).

Massachusetts law it is not liable for other manufacturers' asbestos containing products. Although Plaintiff demonstrated that Fairbanks sold valves that contained asbestos gaskets and packing, Plaintiff failed to provide evidence that the packing and gaskets were manufactured by Fairbanks. Mr. Charbonneau testified that he installed and removed Fairbanks valves. In Massachusetts to "prove causation in an asbestos case, it is plaintiff's principal burden to show that a defendant's product *contained asbestos* and that the victim was *exposed to the asbestos in the defendant's product*."[3] As stated by this Court before, "Massachusetts courts have never held a manufacturer liable . . . for failure to warn of risks created solely in the use or misuse of the product of another manufacturer."[4] There is no evidence in the record that the replacement parts Mr. Charbonneau worked with were asbestos parts manufactured or supplied by Defendant, Fairbanks. Simply because a Plaintiff worked with a Defendant's product, without evidence beyond speculation that the product contained asbestos, and the asbestos containing part was manufactured by Defendant, a reasonable jury could not infer exposure. Specifically in this case, external packing, packing inside the valves, and gaskets with the valves were replaced numerous times. Without any indication that the replacement packing, external insulation, or parts in the

---

[3] *Whiting v. CBS Corp.,* 2013 WL 530860, at *1 (Mass. Ct. App. Feb. 14, 2013)(emphasis added).

[4] *In re Asbestos Lit., Cosner,* 2012 WL 1694442 (Del. Super. May 14, 2012).

Fairbanks valve were manufactured by Fairbanks, Plaintiff asks the Court to speculate that Defendant is responsible. When viewing the evidence in a light most favorable to Plaintiff, a reasonable jury could not infer that Mr. Charbonneau was exposed to asbestos from Fairbanks product beyond speculation. Defendant's Motion for Summary Judgment is therefore **GRANTED.**

**IT IS SO ORDERED.**

*/s/ Calvin L. Scott*

The Honorable Calvin L. Scott, Jr.